UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------
**ELAINE L. CHAO**, Secretary of Labor, :
United States Department of Labor, :
 :
              Plaintiff, :
 : CIVIL ACTION
   v. :
 : File No.  FILED: APRIL 11, 2008
**PAPA BEAR OF AURORA, INC. d/b/a PAPA** :       08CV2066     EDA
**BEAR RESTAURANT, a corporation, and** :       JUDGE ASPEN
**NICKOLAS ANDRIOPOULOS, an individual,** :       MAGISTRATE JUDGE KEYS
 : Legal and Equitable Relief
 : Sought
             Defendants. :
------------------------------------

## COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT,** a corporation, and **NICKOLAS ANDRIOPOULOS,** an individual from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

**II**

(a)     Defendant, **PAPA BEAR OF AURORA, INC.**, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 2340 N. Farnsworth Avenue, Aurora, Kane County, Illinois, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name and style of **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** in the operation of a restaurant and in the performance of related types of activities.

(b)     Defendant, **NICKOLAS ANDRIOPOULOS**, an individual, resides at 30509 Village Green, Warrenville, Du Page County, Illinois, within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

**III**

Defendant **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

**IV**

Defendant **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

## V

**a.** Plaintiff conducted an investigation of Defendants under the Fair Labor Standards Act and determined that for the period November 1996 to November 1998 Defendants failed to pay overtime compensation to some of their employees. Defendants agreed to pay back wage amounts computed by Plaintiff.

**b.** Defendants represented to the Plaintiff that the agreed back wage distribution to employees had been made, but payouts to one or more employees were not made.

**c.** Subsequent investigation of Defendants by Plaintiff disclosed continuing violations of the Act.

## VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve

adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VIII

During the period from November 1996 to November 1998, and since June 2005, defendants have willfully and repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently

unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

    (2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

    (c) For an Order awarding plaintiff the costs of this action; and

    (d) For an Order granting such other and further relief as may be necessary and appropriate.

**GREGORY F. JACOB**
**Solicitor of Labor**

**JOAN E. GESTRIN**
Regional Solicitor

__s/ William C. Posternack____
**WILLIAM C. POSTERNACK**
Counsel for Employment Standards

_s/ Emelda Medrano__
**EMELDA MEDRANO**
Attorney

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone: 312/353-1169
Facsimile: 312/353-5698
Bar No.: 6229838

Attorneys for **ELAINE L. CHAO**,
Secretary of Labor, United States
Department of Labor, Plaintiff

# EXHIBIT A

# **EXHIBIT A**

Employee Names

Refugio Aguillera

Martin Cuellas

Epimenio Gonzalez

Juan Mayor

Monico Montalvo

Froylan Nocltotl

Luis Nocltotl

Nestor Nocltotl

Rogelio Perez

Ishmael Velasquez

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------
:                               FILED: APRIL 11, 2008
**ELAINE L. CHAO**, Secretary of Labor,  :    08CV2066           EDA
United States Department of Labor,       :    JUDGE ASPEN
:                               MAGISTRATE JUDGE KEYS
        Plaintiff,    :
:                               CIVIL ACTION
   v.                         :
:                               File No.
:
**PAPA BEAR OF AURORA, INC. d/b/a PAPA**  :
**BEAR RESTAURANT, a corporation, and**   :
**NICKOLAS ANDRIOPOULOS, an individual,** :
:                               Legal and Equitable Relief
:                               Sought
        Defendants.  :
------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I caused the following documents:

*Complaint and Certificate of Service*

to be filed electronically with the Clerk of Court through ECF, and that plaintiff will send a copy of the electronic filing via certified mail to the following:

    Petros E. Andriopoulos
    Papa Bear of Aurora, Inc. d/b/a Papa Bear Restaurant
    2340 N. Farnsworth Avenue
    Aurora, IL  60502

    Nickolas Andriopoulos
    30509 Village Green
    Warrenville, IL  60555

Dated:  April 11, 2008                       s/ Emelda Medrano
                                                    **EMELDA MEDRANO**