IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, <br> Plaintiff, <br><br> v. <br><br> **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT,** a corporation, and **NICKOLAS ANDRIOPOULOS**, an individual, <br> Defendant. | Case No. 08 CV 2066 <br><br> Judge Aspen <br><br> Magistrate Judge Keys <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT PAPA BEAR RESTAURANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT**, a corporation, and **NICKOLAS ANDRIOPOULOS**, an individual from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**ANSWER:** Defendant, Papa Bear Restaurant ("Defendant"), **ADMITS** that Plaintiff brings this action against itself and Nicholas Andriopoulos under said Act, but **DENIES** that it engaged in any conduct in violation of the Act. Except as specifically admitted, Defendant **DENIES** the allegations of this paragraph.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

**ANSWER:** Defendant **ADMITS** this Court's jurisdiction based on Plaintiff's allegations.

## II

(a)   Defendant, **PAPA BEAR OF AURORA, INC.**, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 2340 N. Farnsworth Avenue, Aurora, Kane County, Illinois, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name and style of **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** in the operation of a restaurant and in the performance of related types of activities.

**ANSWER: ADMIT**.

(b)   Defendant, **NICKOLAS ANDRIOPOULOS**, an individual, resides at 30509 Village Green, Warrenville, DuPage County, Illinois, within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

**ANSWER: ADMIT**.

## III

Defendant **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3® of the Act.

**ANSWER: ADMIT**.

IV

Defendant **PAPA BEAR OF AURORA, INC. d/b/a PAPA BEAR RESTAURANT** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**ANSWER: ADMIT**.

V

    **a.**    Plaintiff conducted an investigation of Defendants under the Fair Labor Standards Act and determined that for the period November 1996 to November 1998 Defendants failed to pay overtime compensation to some of their employees. Defendants agreed to pay back wage amounts computed by Plaintiff.

**ANSWER:** Defendant **ADMITS** that Plaintiff conducted an investigation and that she made the determination about it. Defendant **ADMITS** that based upon Plaintiff's investigation and determination, it agreed to pay back wage amounts computed by Plaintiff. Except as specifically admitted, Defendant **DENIES** the allegations of this paragraph.

    **b.**    Defendants represented to the Plaintiff that the agreed back wage distribution to employees had been made, but payouts to one or more employees were not made.

**ANSWER:** Defendant **DENIES** that payouts to one or more employees were not made.

    **c.**    Subsequent investigation of Defendants by Plaintiff disclosed continuing

violations of the Act.

**ANSWER: DENY**.

## VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

**ANSWER:** Defendant **DENIES** that it has repeatedly violated the stated provisions of the Act.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

**ANSWER:** Defendant **DENIES** it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by it as prescribed by regulations found in 29 CFR 516.

## VIII

During the period from November 1996 to November 1998, and since June 2005, defendants have willfully and repeatedly violated the aforesaid provisions of the Act.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**ANSWER:** Defendant **DENIES** it violated any provisions of the Act since June 2005.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)     For an Order

(1)     pursuant to section 16© of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2)     pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due defendants' employees

and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary and appropriate.

**ANSWER: DENY**.

## AFFIRMATIVE DEFENSES

1. Any alleged acts or omissions giving rise to this action were in good faith, and Defendant had reasonable grounds for believing that the acts or omissions were not violations of the Fair Labor Standards Act; thus, liquidated damages are inappropriate.

2. Defendant reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

Respectfully submitted,

s/Karen J. Doran                ,
One of Defendant's Attorneys

**Proof of Service**

Karen J. Doran, an attorney, certifies that service of Defendant Papa Bear Restaurant's Answer to the Complaint on Plaintiff's attorney, Emelda Medrano, U.S. Department of Labor, Office of the Solicitor, 230 S. Dearborn St., 8th Fl., Chicago, IL 60604, was accomplished pursuant to ECF on Friday, July 25, 2008.

s/Karen J. Doran

Karen J. Doran
Atty No. 6282773
DoranMedina, LLC
2625 Butterfield Road, Suite 138S
Oak Brook, IL 60325

(630)368-0200 (p)  
(630)368-0202 (f)  
kdoran@doranmedina.com